UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dennis Eugene Ross, | ) C/A No. 6:11-3154-GRA-KFM |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Kenny Atkinson, Warden, | ) |
| Respondent. | ) |

The petitioner, Dennis Eugene Ross ("Petitioner"), a federal prisoner proceeding *pro se*, files a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) DSC, this magistrate judge is authorized to review all pretrial matters in *pro se* cases and to submit findings and recommendations to the District Court. Having reviewed the Petition, including attachments, and applicable law, it is determined that the Petition is subject to summary dismissal. *See* 28 U.S.C. 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

### *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas Petition filed in this case. This Court is charged with screening Petitioner's habeas Petition to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts

(a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This Court is also required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The requirement of liberal construction, however, does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

## BACKGROUND

Petitioner is an inmate at FCI-Edgefield, a facility of the Federal Bureau of Prisons ("BOP") in Edgefield, South Carolina. On November 21, 2011, Petitioner filed a habeas Petition in which he asserts that the BOP violated his constitutional rights by charging him, and imposing a sanction against him, in a disciplinary proceeding. The Petition repeatedly states that Petitioner was charged for "missed work assignment" when "the incident report clearly shows that inmate Ross was in fact on his work detail." ECF No. 1 at 3. Petitioner unsuccessfully pursued BOP administrative remedies, and documents from the grievance process are attached to the habeas Petition. ECF No. 1-1. The incident report states that the incident was "missed work assignment," but describes the incident as a missed dental appointment. *Id*. at 16. The administrative process reveals that Petitioner was charged with "Unexcused Absence from Work or any Assignment, Code 310." *Id.* at 10. Apparently, Petitioner went to work, unaware that he had a "call out"

to go to medical, but was then charged with his absence from the medical appointment. *Id.* at 12. During the disciplinary and administrative process, Petitioner argued that inmates moved the call out notification, so it "was not posted where it is designed to be" and the bulletin boards should have been "secured with lock and key." *Id*. at 14, 16. Petitioner was found guilty of the charge and sanctioned with loss of commissary privileges for 30 days. *Id*. at 16. The federal habeas Petition only refers to the "call out" issue by arguing Petitioner "was not aware of any callout, because the callout was never posted on the bullent [sic] board where it is required to be posted.... and it was not in fact secured to review." ECF No. 1 at 4. Petitioner's federal habeas petition challenges the institutional disciplinary charge, which resulted in loss of commissary privileges, and seeks "an order removing said charge from inmates record." *Id.* at 5.

## DISCUSSION

Habeas corpus is the appropriate remedy for a prisoner "who challenges the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475 (1973)). While a § 2241 petition is appropriate where a prisoner challenges the fact or length of his confinement, it is not available to challenge the conditions of that confinement. *See Preiser v. Rodriguez*, 411 U.S. at 499–500. Thus, proper remedy lies in habeas corpus only if "success in [an] action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). The factual allegations of the Petition do not raise an issue that affects the duration of Petitioner's confinement, because Petitioner did not lose good time credit in the disciplinary process. *See Wolff v.*

*McDonnell*, 418 U.S. 539, 564 (1974) (loss of statutory good time credit in a prison disciplinary proceeding involves a constitutionally protected liberty interest). The loss of commissary privileges that Petitioner suffered as a result of the disciplinary charge does not give rise to a federal habeas corpus claim because it fails to affect the length of Petitioner's confinement. The Petition fails to state a habeas claim and should be dismissed.

## **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus be dismissed *without prejudice* and without requiring a response by the Respondent. **Petitioner's attention is directed to the important notice on the next page**.

          s/ Kevin F. McDonald
          United States Magistrate Judge

January 3, 2012
Greenville, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 E. Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).