UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Dennis Eugene Ross,    )<br>                                                     )<br>                      Petitioner,    )<br>                                                     )<br>     v.                                             )<br>                                                     )<br>Kenny Atkinson, Warden,       )<br>                                                     )<br>                      Respondent.   )<br>_____ ) | C/A. No.: 6:11-cv-3154-GRA-KFM<br><br>**ORDER**<br>(Written Opinion) |

This matter comes before the Court for review of the magistrate's Report and Recommendation filed on January 3, 2012 and made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C.  ECF No. 9. Petitioner Dennis Eugene Ross filed this action on November 21, 2011, pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Magistrate Judge McDonald now recommends that this Court summarily dismiss Petitioner's Petition for Writ of Habeas Corpus.  ECF No. 9.  Petitioner filed a timely Objection to the magistrate judge's Report and Recommendation on January 25, 2012.  ECF No. 12.  This Court adopts the magistrate's Report and Recommendation in its entirety and dismisses Petitioner's Petition for Writ of Habeas Corpus without prejudice.

**Standard of Review**

Petitioner brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982). A court may not construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir.1993), nor is a district court required to recognize "obscure or extravagant claims defying the most concerted efforts to unravel them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir.1985).

**Background**

Petitioner, proceeding *pro se* and *in forma pauperis*, is an inmate incarcerated at FCI-Edgefield, a facility of the Federal Bureau of Prisons ("BOP") in Edgefield, South Carolina. On November 21, 2011, Petitioner commenced this action for Writ of Habeas Corpus in which he alleges that the BOP violated his constitutional rights by charging him for failure to attend a medical appointment and imposing a sanction on him in a disciplinary proceeding. ECF No. 1. The Petitioner repeatedly claims that he was wrongfully charged for a "missed work assignment" when "the incident report clearly shows that inmate Ross was in fact on his work detail." ECF No. 1. Petitioner pursued administrative remedies at the BOP unsuccessfully. *See* ECF No. 1-1. The incident report states that the incident was a "missed work

assignment," but the incident is described as a missed dental appointment. *Id.* at 16. The Administration Response to Petitioner's Regional Administrative Remedy Appeal states that Petitioner was charged with an "Unexcused Absence from Work or Any Assignment, Code 310." *Id.* at 10. It appears that Petitioner went to work while unaware that he had a "call-out" for Health Services Dental and was charged with missing his appointment. *Id.* at 12. Petitioner was found guilty of the charge and sanctioned with a loss of commissary privileges for thirty days. *Id.* at 16. Petitioner challenges the disciplinary charge in his petition and seeks to have the charge expunged from his record, arguing that he is innocent because other inmates moved the "call-out" list, which was not "posted where it is designed to be." *Id.* at 14, 16.

## Discussion

The magistrate makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely filed and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 9, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845–47 nn.1–3 (4th Cir. 1985). "Courts have . . . held *de novo* review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th Cir. 1983). Plaintiff timely filed objections to the Report and Recommendation on November 7, 2011. ECF No. 62.

Plaintiff objects to the Report and Recommendation generally and asks this Court to "construe [Petitioner's Petition] as whatever proceedings are deemed proper under the circumstances." ECF No. 12. This Court declines to address Plaintiff's general and conclusory objection to the Report and Recommendation. *See Orpiano*, 687 F.2d at 48 ("Courts have also held *de novo* review to be unnecessary . . . when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations."); *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Furthermore, this Court declines to construct Petitioner's legal

arguments for him. *See Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993). Additionally, when the punishment does not cause the original sentence to be enhanced, protected interests will be generally limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. *Sandin v. Conner*, 515 U.S. 472 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation in which a state might create a liberty interest). In the case *sub judice*, Petitioner has made no allegations or representations to the Court that he lost any good-time credits as a result of the disciplinary action or that his disciplinary conviction resulted in an increase in the sentence imposed.

After considering Petitioner's general objection and the record in this case, this Court finds that the magistrate's Report and Recommendation accurately summarizes this case and the applicable law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's Petition for Habeas Corpus is hereby DISMISSED without prejudice.

**IT IS SO ORDERED.**

G. Ross Anderson, Jr.
Senior United States District Judge

January 27, 2012
Anderson, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified within Rule 4, will waive the right to appeal.

6:11-cv-03154-GRA     Date Filed 01/27/12    Entry Number 16     Page 6 of 6